# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2019

Lyle W. Cayce
Clerk

No. 15-70030

OBIE D. WEATHERS, III,

　　　　Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

　　　　Respondent - Appellee

Appeals from the United States District Court
for the Western District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, JONES, and HAYNES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This case was remanded from the Supreme Court of the United States for reconsideration in light of its decision in *Moore v. Texas*, 137 S. Ct. 1039 (2017). There, on direct appeal, the Supreme Court held that the *Briseño* factors "may not be used . . . to restrict qualification of an individual as intellectually disabled." *Moore*, 137 S. Ct. at 1044; *see Ex parte Briseño*, 135 S.W.3d 1, 3 (Tex. Crim. App. 2004), *abrogated by Moore v. Texas*, 137 S. Ct. 1039 (2017). Because applying *Moore* retroactively to this case contradicts the

No. 15-70030

Court's recent decision in *Shoop v. Hill,* ___ S. Ct. ___ (Jan. 7, 2019), we affirm the district's court's judgment

## BACKGROUND

Obie Weathers III was convicted of the 2000 capital murder of Ted Church and was sentenced to death for that crime. His conviction and sentence were affirmed on direct appeal, *Weathers v. State,* 2003 WL 22410067 (Tex. Crim. App. Oct. 22, 2003). Then followed two rounds of state habeas review, the last of which concerned his *Atkins* claim and was resolved against him in 2014. In *Weathers v. Davis,* 659 F. App'x 778 (5th Cir. 2016), *cert. granted, judgment vacated,* 138 S. Ct. 315 (2018), this court denied a COA to appeal the federal district court's rejection of habeas relief on his *Atkins* claim.

Weathers sought certiorari from the Supreme Court, urging for the first time that Texas's *Briseño* factors used as an adjunct to clinical findings of mental retardation were unconstitutional. In light of *Moore,* the Supreme Court granted his petition and remanded the case to this court for further consideration. We granted a COA and obtained additional briefing from both parties to consider whether the state courts' rejection of Weathers's *Atkins* claim was reasonable in light of *Moore.*

In 2016, this court summarized the facts of this case:

> After a crime spree involving a string of burglaries, theft, one murder, and one sexual assault of an elderly man over the course of just a few months, one evening in February, 2000, Weathers entered Pierce's Ice House, a tavern in San Antonio, Texas, wielding a handgun and concealing his face with a pillowcase with eyeholes cut out. Weathers informed the patrons that he intended to rob the ice house, but he told the three black men present to remain calm because he only wanted to rob the white individuals. Weathers robbed the white patrons, then ordered a waitress at gun point to empty the cash register. While the waitress was carrying the till to Weathers, she

2

> stumbled and Weathers pointed his gun at her head. At this time, one of the bar patrons, Ted Church . . . swung at and grabbed Weathers. In the ensuing struggle, Weathers shot Church twice in the head and once in the abdomen. Weathers fled with over two-hundred dollars, but he was apprehended eleven days later and confessed to this and other crimes. Church was rushed to the hospital and underwent multiple surgeries, but he died weeks later from irreparable damages to his pancreas caused by the gunshot wound.

*Weathers*, 659 F. App'x at 779-80.

This court's 2016 opinion discusses at length Weathers's various appeals and concluded that reasonable jurists could not debate the district court's denial of his *Atkins*-claim. That opinion also examines the facts underlying his contention that the state court inappropriately credited the State's medical expert while discrediting Weathers's expert. This court also noted "the dearth of evidence concerning the third prong of *Briseño* (adopting the AAMR), whether any intellectual disability and adaptive deficits were evident before age 18." *Weathers*, 659 F. App'x at 789.[1]

## DISCUSSION

We granted a COA on remand from the Supreme Court, received further briefing, and reviewed the district court's findings of fact for clear error and its conclusions of law de novo. *Martinez v. Johnson,* 255 F.3d 229, 237 (5th Cir. 2001). To obtain federal habeas relief from state custody, AEDPA requires the

---

[1] This court observed that "[t]here was no IQ evidence before Weathers turned 18, and the anecdotal evidence about his pre-adult years was decidedly mixed." *Weathers*, 659 F. App'x at 789. While some teachers testified that Weathers struggled in school, others wrote in school reports that Weathers was capable but instead chose not to complete his work. *Id.* One teacher testifying in support of Weathers was unable to explain why he had received such high grades from her. *Id.* Further, while Weathers was placed in special education classes when he was younger, the record did not provide a reason for the placement (whether intellectual, emotional, or behavioral). *Id.*

petitioner to demonstrate that the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). *Williams v. Stephens*, 761 F.3d 561, 566 (5th Cir. 2014). Events following the remand have rendered further discussion of many of the parties' arguments unnecessary.

We adhere to this court's previous decision because the Supreme Court has just affirmed that lower courts may not properly apply *Moore* retroactively in habeas corpus to state court decisions that preceded it. *Shoop v. Hill,* __ S. Ct. at ___ (holding that *Moore* was not "clearly established law" under AEDPA regarding execution of the mentally disabled in 2008 when the Ohio Court of Appeals rejected a petitioner's *Atkins* claim).

*Shoop* resolved a circuit split between *Cain v. Chappell*, 870 F.3d 1003, 1024 n.9 (9th Cir. 2017) ("*Moore* itself cannot serve as 'clearly established' law at the time the state court decided Cain's claim."), *pet. for cert. filed*, No. 17-9218 (June 5, 2018); *Davis v. Kelley*, 854 F.3d 967, 970 (8th Cir. 2017) (same), and *Hill v. Anderson*, 881 F.3d 483, 492 (6th Cir. 2018), *vacated and remanded sub nom. Shoop v. Hill.*

*Moore* and *Hall* [2] (on which Weathers also places some weight) were both decided after the Texas courts rejected Weathers's *Atkins* claim. *Compare Ex parte Weathers,* 2014 WL 1758977 (April 30, 2014), *with Moore,* 137 S. Ct. 1039 (2017), and *Hall,* 134 S. Ct. 1986 (May 27, 2014). As with *Moore,* it cannot be contended that *Hall,* which overturned a formulaic IQ standard that had been used by the state of Florida but never in Texas, simply enunciated "clearly

---

[2] *Hall v. Florida*, 134 S. Ct. 1986 (2014).

established Federal law" made retroactive  as required by AEDPA.  *Kilgore v. Sec'y., Fla. Dep't. of Corr.,* 805 F.3d 1301, 1315 (11th Cir. 2015), *cert. denied,* 138 S. Ct. 446 (2017).  *Hall* even acknowledged it was extending Supreme Court precedent based on the Court's independent judgment.  *Hall,* 134 S. Ct. at 1999-2000*; Kilgore, id.*

Consequently, *Shoop* bars our considering the applicability of *Moore* to Weathers's earlier-rejected claim of mental disability.  The judgment of the district court is **AFFIRMED**.